# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ERIC JAWAYNE DANIELS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CASE NO. 4:18-CV-8023-SLB |
| vs. ) | CRIM. CASE NO. 4:08-CR-0464-SLB-SGC |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [hereinafter Motion to Vacate], filed by petitioner, Eric Jawayne Daniels. (Doc. 1; crim. doc. 72.)[1] This is Daniels's third habeas petition attacking his conviction and sentence in his criminal case. (*See* crim. docs. 59, 67, 72.) He does not have authorization from the Eleventh Circuit to file the instant Motion; therefore, the court is without jurisdiction. The court finds that Daniels's Motion to Set Aside is due to be denied and this case is due to be dismissed.

"[Section] § 2244(a) applies to any petition for habeas relief attacking the legality of the same detention, and § 2244(b)(3) requires that the petitioner obtain permission from the court of appeals before filing any second or successive petition attacking the same detention." *McKinney v. Warden, FCC Coleman-Medium,* 870 F. Supp. 2d 1351, 1354

---

[1]Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(Doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 4:08-CR-0464-SLB-SGC, appear as "(Crim. Doc. __)."

(M.D. Fla. 2012)(citing *Darby v. Hawk-Sawyer*, 405 F.3d 942 (11th Cir.2005)), *aff'd*, 562 Fed. Appx. 917 (11th Cir. 2014). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Such authorization may be granted only if the Circuit Court certifies that the second or successive Motion to Vacate contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)(citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)).

In November, 2008, the grand jury returned a four-count Indictment charging Daniels with violations of: (1) 18 U.S.C. § 371 (conspiracy to commit bank robbery), (2) 18 U.S.C. §§ 2113(a) and (d) (armed bank robbery), (3) 18 U.S.C. § 924(c)(1)(A) (brandishing a firearm during a crime of violence), and (4) 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon). In February, 2009, Daniels entered into a plea agreement with the government and pleaded guilty to all four counts. He was sentenced to a total of 245 months as to these offenses; the court subsequently reduced his custodial sentence to 180 months for reasons unrelated to his motions to vacate. Daniels did not file a direct appeal.

2

In June, 2010, Daniels filed his first motion for relief pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. *See generally Daniels v. United States*, Case No. 4:10-CV-8034-SLB. That Motion was denied on the merits and Daniels did not appeal. Daniels filed his second Motion to Vacate on June 26, 2014. *See generally Daniels v. United States*, Case No. 4:14-CV-8038-SLB. That Motion was denied without prejudice and Daniels was instructed to seek permission from the Eleventh Circuit Court of Appeal to file a second or successive Motion to Vacate. Although Daniels sought permission to file a second Motion to Vacate, the Eleventh Circuit denied his application. *See In re: Eric Daniels*, No. 16-13270-J (11th Cir. June 27, 2016)(denying Daniels's application "because [he] failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255"). Daniels filed another application with the Eleventh Circuit; this application was also denied. *See In re: Eric Daniels*, No. 16-165323-J (11th Cir. Nov. 3, 2016)((denying Daniels's application, in part, "because he raises the same claim in the instant application that was raised and rejected in a prior application," and because the cases he relied upon did not "announce a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court").

Because Daniels has previously filed two § 2255 habeas petitions – the second of which was denied because Daniels did not have prior authorization to file a second Motion to Vacate, he is required to have authorization from the Eleventh Circuit before this court may consider his third Motion to Vacate. As Daniels does not have such authorization, his

3

current Motion to Vacate will be denied, without prejudice to his right to file his Motion after receiving authorization from the Eleventh Circuit.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that it lacks jurisdiction to determine Daniels's Motion to Vacate. An Order denying Daniels's Motion to Vacate and dismissing this case will be entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . ***only*** if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

The court lacks jurisdiction to entertain Daniels's third habeas petition without authorization from the Eleventh Circuit Court of Appeals. Reasonable jurists could not disagree. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 14th day of August, 2018.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE